UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-05314-SVW-BFM | Date | August 23, 2023 |
|---|---|---|---|
| Title | *Garveykcvn Holdings LLC v. Phillip Killgore et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFF's MOTION FOR REMAND [10]

Before the Court is a motion to remand the action back to state court. ECF No. 10. For the foregoing reasons, the motion is GRANTED.

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and ... the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

Here, Defendants assert two bases for subject matter jurisdiction: federal question jurisdiction and civil rights jurisdiction. Neither are availing.

First, Defendants contends there is federal question jurisdiction, despite Plaintiff's complaint bringing a single cause of action for unlawful detainer under state law. Specifically, Defendants assert that a federal issue is inextricably intertwined with the action, because the commercial lease underlying Plaintiff's claim contains an arbitration agreement.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05314-SVW-BFM | Date | |
|---|---|---|---|
| Title | *Garveykcvn Holdings LLC v. Phillip Killgore et al* | | |

"However, the FAA does not itself confer jurisdiction on federal district courts over actions to compel arbitration or to confirm or vacate arbitration awards, […] nor does it create a federal cause of action giving rise to federal question jurisdiction under 28 U.S.C. § 1331." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 918 (9th Cir. 2009) (citations omitted). The FAA "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 […] or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26, 103 S. Ct. 927, 942, 74 L. Ed. 2d 765 (1983). Instead, "there must be diversity of citizenship or some other independent basis for federal jurisdiction[.]" *Id.*[1]

Defendants cite to *BEM I, L.L.C. v. Anthropologie, Inc.* to contend that the Seventh Circuit has permitted removal of a state case of unlawful detainer to affirm an arbitration award. 301 F.3d 548 (7th Cir. 2002). However, Defendants' reliance on this case is both misplaced and instructive on the inadequacy of the FAA to confer subject matter jurisdiction. As Defendants acknowledge, in *BEM I* the Seventh Circuit found subject matter jurisdiction based on diversity jurisdiction. *Id.* at 553-554. Thus, there was a basis for jurisdiction independent of the arbitration issue. Accordingly, Defendants cannot rely on the potential issue of arbitrability to establish subject matter jurisdiction.

Second, Defendants contend that there is jurisdiction under 28 U.S.C. § 1443(1), civil rights jurisdiction. Under 1443(1) a defendant may remove a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Removal under Section 1443(a) is limited to "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that the petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (internal quotations omitted).

---

[1] Furthermore, the commercial lease, which forms the basis of Defendant's arbitration contention, specifically disclaims unlawful detainer actions from the ambit of the arbitration clause. ECF No. 14 at 2; *see Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'") (citation omitted). Thus, even if the FAA could provide federal question jurisdiction, the FAA would not be implicated in this action.

: 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05314-SVW-BFM | Date | |
|---|---|---|---|
| Title | *Garveykcvn Holdings LLC v. Phillip Killgore et al* | | |

"A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court[.]" *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting *equal racial civil rights*." *Id.* at 999 (citation omitted) (emphasis added). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* (citation omitted).

Here, Defendants' assertion of jurisdiction fails on both prongs. First, the "Supreme Court and Ninth Circuit precedent undoubtedly limit removal under section 1443(1) to only cases where it is predicated upon racial discrimination." *Baldini Real Est., Inc. v. Cruz*, No. 15-CV-2932 YGR, 2015 WL 4760510, at *2 (N.D. Cal. Aug. 12, 2015); *See Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966) ("we conclude that the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality."); *Patel*, 446 F.3d at 99 ("the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting *equal racial civil rights*.") (emphasis added). Nowhere in Defendants' notice of removal do they contend that they are asserting an affirmative defense based on violations of racial civil rights.

Second, Defendants "point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor do they point to anything that suggests that the state court would not enforce their civil rights in the state court proceedings." *Patel*, 446 F.3d at 999. Defendants cite two cases to contend that they will not be able to raise the issue of civil rights as a defense. Neither of these cases support Defendants' argument. *Wood v. Herson* involved the affirmance of summary judgment, because the defendant's affirmative defenses were precluded under res judicata. 39 Cal. App. 3d 737, 114 Cal. Rptr. 365 (Ct. App. 1974). Denial of an assertion of an affirmative defense under *res judicata* principles does not demonstrate that a state court would not enforce civil rights in state court proceedings.

Furthermore, Defendants' reliance on *Asuncion v. Superior Court* is puzzling. 108 Cal.App.3d 141, 166 Cal.Rptr. 306 (1980). In *Asuncion*, the court of appeals ordered a superior court to retain jurisdiction on an unlawful detained action because the defaulting borrowers were entitled to raise their

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05314-SVW-BFM | Date | |
|---|---|---|---|
| Title | *Garveykcvn Holdings LLC v. Phillip Killgore et al* | | |

fraud-based claims as an affirmative defense to the unlawful detainer. *Id.* at 146. Rather than demonstrate that Defendants would not be able to raise their civil rights affirmative defense, *Asuncion* supports the proposition that the California courts have a mechanism to permit assertions of affirmative defense in unlawful detainer actions. *See Id.* at 309 ("homeowners cannot be evicted, consistent with due process guaranties, without being permitted to raise the affirmative defenses which if proved would maintain their possession and ownership.").

Thus, because Defendants have failed to demonstrate that the Court has subject matter jurisdiction, Plaintiff's motion is GRANTED, and that case is REMANDED.

!
**IT IS SO ORDERED.**

: 

Initials of Preparer
PMC